UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ELEANOR CEJA,<br><br>Plaintiff(s),<br><br>v.<br><br>GENERAL GROWTH PROPERTIES, INC.,<br>et al.,<br><br>Defendant(s). | Case No. 2:17-CV-683 JCM (CWH)<br><br>ORDER |

Presently before the court is the matter of *Ceja v. General Growth Properties, Inc. et al*, case no. 2:17-cv-00683-JCM-CWH.

On October 23, 2018, the court granted defendants General Growth Properties, Inc. and Grand Canal Shops II, LLC d/b/a/ Grand Canal Shoppes' (collectively, "defendants") motion for summary judgment regarding this personal injury action. (ECF No. 29). Thereafter, on November 6, 2018, defendants filed the instant motion for costs pursuant to NRS § 18.020.[1] (ECF No. 31). Plaintiff has not filed a response, and the time to do so has passed.

NRS 18.020 provides, in relevant part:

Costs must be allowed of course to the prevailing party against any adverse party against whom judgment is rendered, in the following cases:

. . .

3. In an action for the recovery of money or damages, where the plaintiff seeks to

---

[1] Defendants' motion is labeled as a "motion for attorneys' fees." (ECF No. 31). However, the substance of the motion reveals that defendants are seeking costs only, pursuant to NRS 18.020. *Id.*

**James C. Mahan**
**U.S. District Judge**

recover more than $2,500.

Nev. Rev. Stat. § 18.020.

NRS 18.005 defines "costs" as:

1. Clerks' fees.
2. Reporters' fees for depositions, including a reporter's fee for one copy of each deposition.
3. Jurors' fees and expenses, together with reasonable compensation of an officer appointed to act in accordance with NRS 16.120.
4. Fees for witnesses at trial, pretrial hearings and deposing witnesses, unless the court finds that the witness was called at the instance of the prevailing party without reason or necessity.
5. Reasonable fees of not more than five expert witnesses in an amount of not more than $1,500 for each witness, unless the court allows a larger fee after determining that the circumstances surrounding the expert's testimony were of such necessity as to require the larger fee.
6. Reasonable fees of necessary interpreters.
7. The fee of any sheriff or licensed process server for the delivery or service of any summons or subpoena used in the action, unless the court determines that the service was not necessary.
8. Compensation for the official reporter or reporter pro tempore.
9. Reasonable costs for any bond or undertaking required as part of the action.
10. Fees of a court bailiff or deputy marshal who was required to work overtime.
11. Reasonable costs for telecopies.
12. Reasonable costs for photocopies.
13. Reasonable costs for long distance telephone calls.
14. Reasonable costs for postage.

15. Reasonable costs for travel and lodging incurred taking depositions and conducting discovery.

16. Fees charged pursuant to NRS 19.0335.

17. Any other reasonable and necessary expense incurred in connection with the action, including reasonable and necessary expenses for computerized services for legal research.

Nev. Rev. Stat. § 18.005.

As the prevailing party in this diversity action for money damages following a slip and fall at defendants' property, defendants move for costs in the amount of $16,994.58. (ECF No. 31 at 6). Defendants have provided a detailed list of itemized expenses, organized by category. (ECF No. 31). The categories include: clerks' fees, reporters' fees for depositions, witness fees, expert witness fees, subpoena fees, medical records fees, and "other reasonable and necessary expenses." *Id.*

As plaintiff has failed to respond to defendants' motion, no party contests the reasonableness of defendants' requested amounts. Moreover, after careful examination of defendants' list of fees that it now seeks to recover from plaintiff, the court finds that defendants' request comports with the requirements of NRS 18.005 and 18.020. *See* (ECF No. 31). Accordingly, defendants' motion for costs pursuant to NRS 18.020 is granted.

Accordingly,

IT IS ORDERED THAT defendants' motion for costs (ECF No. 31) be, and the same hereby is, GRANTED.

The clerk of court is instructed to enter judgment in the amount of $16,994.58 in favor of defendants and against plaintiff.

DATED June 27, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**